**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4203**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICK TARIQ RAHIM, a/k/a Tariq Afzal Rahim,

Defendant - Appellant.

**No. 25-4205**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICK RAHIM, a/k/a Tariq Rahim,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:23-cr-00173-CMH-1; 1:24-cr-00179-CMH-1)

Submitted: June 18, 2026 Decided: June 23, 2026

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Ann Mason Rigby, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jacqueline Romy Bechara, Kimberly M. Shartar, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Rick Tariq Rahim appeals his convictions and the 78-month aggregate sentence imposed after he pled guilty, pursuant to two plea agreements, to willful failure to account for and pay taxes, in violation of 26 U.S.C. § 7202, and wire fraud, in violation of 18 U.S.C. § 1343. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that they have found no potentially meritorious issues for appeal but questioning whether the district court adequately complied with Fed. R. Crim. P. 11 in accepting Rahim's guilty pleas. Rahim has not filed a pro se supplemental brief, despite receiving notice of his right to do so. The Government moves to dismiss the appeals based on the appellate waivers contained in Rahim's plea agreements.[*] As explained below, we dismiss in part and affirm in part.

We conclude that, with certain exceptions inapplicable here, Rahim has waived his right to appeal his convictions and sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appeal waiver de novo and

---

[*] The Government alternatively seeks dismissal of the appeals based on Rahim's failure to self-surrender as ordered by the district court. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 242 (1993) ("[O]ur cases consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive during the ongoing appellate process." (internal quotation marks omitted)). As Rahim was arrested by state authorities while the appeals were pending, we exercise our discretion to not invoke the doctrine. *See United States v. Snow*, 748 F.2d 928, 930 (4th Cir. 1984) (recognizing the court's discretion to invoke the doctrine).

will enforce the waiver if it is valid and the issue appealed is within the scope thereof. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Based on the totality of circumstances in this case, we conclude that Rahim knowingly and voluntarily entered his guilty pleas and understood the waivers.

We therefore grant the Government's motion to dismiss, in part, and dismiss the appeals as to all issues falling within the scope of the broad appeal waivers in Rahim's plea agreements. In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waivers and have found none. Accordingly, we deny the Government's motion, in part, as to any issues falling outside the scope of the appeal waivers, and affirm the criminal judgment in part.

This court requires that counsel inform Rahim, in writing, of his right to petition the Supreme Court of the United States for further review. If Rahim requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rahim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*